**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Dec 20 2012, 9:24 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY J. O'CONNOR**
O'Connor & Auersch
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NETIKO JONES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1205-CR-222 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven Eichholtz, Judge
Cause No. 49G20-1110-FA-70650

**December 20, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Netiko Jones (Jones), appeals his convictions for Count I, dealing in cocaine within 1,000 feet of a public park, a Class A felony, Ind. Code §§ 35-48-4-1(a)(1)(C); -(b)(3)(B)(ii); Count II, possession of cocaine, a Class B felony, I.C. § 35-48-4-6; Count III, possession of three or more grams of cocaine with intent to deliver, a Class A felony, I.C. §§ 35-48-4-1(a)(2)(C); -(b)(1); and Count IV, resisting law enforcement, a Class A misdemeanor, I.C. § 35-44-3-3.

We affirm.

## ISSUES

Jones raises two issues on appeal, which we restate as:

(1) Whether the evidence was sufficient to convict Jones of dealing cocaine; and

(2) Whether Jones' convictions for dealing cocaine and possession of three or more grams of cocaine with intent to deal violate double jeopardy.

## FACTS AND PROCEDURAL HISTORY

On October 3, 2011, an undercover police officer made two separate purchases of crack cocaine from Jones' house in Indianapolis, Indiana. Jones' house is located within 1,000 feet of a public park and had been under prior surveillance. Carrying $20 of pre-recorded buy money, an undercover officer, Officer Erika Jones (Officer Jones), went to the rear bedroom window of Jones' house around 7:30 p.m. Officer Jones walked to the window and Mar-Shayn Singletary (Singletary) was inside. Officer Jones asked to purchase crack cocaine and Singletary gave her two small rock-like pieces of cocaine in

2

exchange for the money. Officer Jones gave the cocaine to her supervisor who placed it in a heat-sealed envelope. The cocaine weighed .1966 grams. At 9:30 p.m., Officer Jones approached the house a second time to purchase more crack cocaine using pre-recorded buy money. When she went to the window this time however, a man whom she did not recognize sold her cocaine in exchange for the money. Officer Jones again gave the cocaine to her supervisor who placed it in a heat-sealed envelope. The cocaine from the second buy weighed .2731 grams.

At 11:30 p.m., police executed a search warrant for Jones' residence. After identifying themselves, officers used a battering ram to knock down the front door. Inside the house, officers found Singletary and Jones, who, after being told to stop, ran into the kitchen. Jones then ran from the kitchen to the bedroom and dove out the bedroom window. Officers outside the window identified themselves, ordered Jones to stop, and apprehended him.

Inside the house, officers found cocaine scattered on the kitchen floor and a countertop. This cocaine was collected and weighed 14.7522 grams. A grey shoe box containing the buy money and Jones' lease agreement and rental receipt for the house were also found on the countertop. Supplies used to make crack cocaine were recovered from a trash bag in the kitchen. Cocaine and a digital scale were found in and near a couch in the living room. Officers collected the cocaine and it was later weighed at 10.2739 grams. In addition, a handgun, its magazine, and ammunition along with a grey

3

pouch containing money were found in and below the couch. The money collected from the grey shoebox and pouch totaled $1,753.

On October 6, 2011, the State filed an Information charging Jones with Count I, dealing cocaine within 1,000 feet of a public park, a Class A felony, Ind. Code §§ 35-48-4-1(a)(1)(C); -(b)(3)(B)(ii); Count II, possession of cocaine, a Class B felony, I.C. § 35-48-4-6; Count III, possession of cocaine of three grams or more with intent to deliver within 1,000 feet of a public park, a Class A felony, I.C. §§ 35-48-4-1(a)(2)(C); -(b)(1) and (3)(B)(ii); and Count IV, resisting law enforcement, a Class A misdemeanor, I.C. § 35-44-3-3.

On March 21, 2012, the State amended Count III of the Information to delete the reference to a public park. That same day, a jury trial was held. Singletary testified that Jones had hired him to sell cocaine out of the home, that Singletary had been doing so for a month prior to the raid, that Jones gave Singletary the crack cocaine that was sold to Officer Jones out of the rear bedroom window of the house, and that Jones not only lived at the house but also prepared and sold cocaine there. At the close of the evidence, the jury found Jones guilty as charged. On April 10, 2012, the trial court held a sentencing hearing and merged Jones' conviction for Count II into Count I. The trial court sentenced him to twenty years each on Counts I and III and one year on Count IV, with the sentences to be served concurrently. The trial court suspended ten years and ordered two years of supervised probation.

Jones now appeals. Additional facts will be provided as necessary.

4

I. *Sufficiency*

Jones first contends that the State did not provide sufficient evidence to convict him of dealing in cocaine within 1,000 feet of a public park as a Class A felony instead of a Class B felony. In reviewing a sufficiency of the evidence claim, this court does not reweigh the evidence or judge the credibility of witnesses. *Perez v. State*, 872 N.E.2d 208, 213 (Ind. Ct. App. 2007), *trans. denied*. In addition, we only consider the evidence most favorable to the verdict and the reasonable inferences stemming from that evidence. *Id.* We will only reverse a conviction when reasonable persons would not be able to form inferences as to each material element of the offense. *Id.* at 212-13.

To convict Jones of dealing in cocaine as a Class B felony, the State must prove that he knowingly or intentionally delivered cocaine. *See* I.C. § 35-48-4-1(a)(1). I.C. § 35-48-1-11 defines "delivery" as "(1) an actual or constructive transfer from one [] person to another of a controlled substance, whether or not there is an agency relationship; or (2) the organizing or supervising of an activity described in subdivision (1)." To elevate that offense to a Class A felony, the State must further prove that he delivered the drug "in, on, or within one thousand (1,000) feet of […] a public park." I.C. § 35-48-4-1(b)(3)(iii).

While admitting that the evidence sufficed to convict him of dealing cocaine as a Class B felony, Jones nonetheless argues that "while there may be evidence that Jones hired Singletary to sell cocaine, there is no evidence that he knew or intended that

5

Singletary would sell it from the home that was within 1,000 feet of a public park." We disagree.

As Jones acknowledges, the 1,000 foot element is a punishment provision that imposes strict liability based on the location of the crime. *See Walker v. State*, 668 N.E.2d 243, 244 (Ind. 1996). Thus, a conviction without proof that the defendant knew he was within 1,000 feet when the crime was committed is not deficient. *See id.* Jones also acknowledges that under an accomplice liability theory, one who aids, induces, or causes the commission of an offense also commits that offense. *See* I.C. § 35-41-2-4.

Here, Singletary admitted to selling Officer Jones crack cocaine from the bedroom window of the house at 7:30 p.m. on October 3, 2011. It is uncontested that the house is located within 1,000 feet of a public park. Because Singletary would be guilty of dealing in cocaine within 1,000 feet of a public park, so too would Jones as an accomplice. *See Schnitz v. State*, 650 N.E.2d 717, 722 (Ind. Ct. App. 1995), *aff'd by Schnitz v. State*, 666 N.E.2d 919 (Ind. 1996).

Moreover, the evidence also supports Jones' conviction for dealing cocaine as a principal. Singletary testified that Jones supplied him with cocaine, paid him to sell it, and that Jones lived at and also sold cocaine out of the house. Jones supplied Singletary with the cocaine that day and was in the house with Singletary when the officers raided it at 11:30 p.m. that same night. The foregoing evidence establishes that Jones organized or supervised Singletary's delivery of cocaine to Officer Jones within 1,000 feet of a public

park. Accordingly, we conclude that the State provided evidence sufficient to convict Jones of delivery of cocaine within 1,000 feet of a public park.

## II. *Double Jeopardy*

Jones next argues that double jeopardy principles prohibit his convictions for both dealing in cocaine within 1,000 feet of a public park and possession of cocaine with intent to deliver. Article I, Section 14 of the Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense." We determine whether convictions violate this clause by following the two-part test established in *Richardson v. State*, 717 N.E.2d 32 (Ind. 1999). First, we evaluate whether the statutory elements of the crimes are the same. *Goldberry v. State*, 821 N.E.2d 447, 458 (Ind. Ct. App. 2005). Then, we evaluate whether the actual evidence used to convict the defendant of the two crimes is the same.[1] *Id*. Jones' argument fails both tests.

Jones first asserts that "[p]ossession of contraband is an inherently lesser included offense of dealing it." (Appellant's Br. p. 7). To determine whether two offenses are the same under the statutory elements test, we review "whether each statutory provision requires proof of an additional fact which the other does not." *Id*. at 459. When we compare the elements of the crimes, each crime must contain at least one element that is separate and distinct from the other crime. *Id*. Possession of cocaine pursuant to I.C. §

---

[1] Jones does not specify whether he relies on the U.S. Constitution or the Indiana Constitution to support his double jeopardy claim. Nor does he specify which test he relies on. Instead, Jones cites four Indiana cases predating *Richardson*. These cases either applied double jeopardy principles generally or relied in part on the federal double jeopardy test. As the *Richardson* test is in part similar to the federal double jeopardy standard and Jones's arguments invoke the actual evidence test, we apply *Richardson* to review Jones's claim. *See Goldberry*, 821 N.E.2d at 459.

35-48-4-6 is a lesser included offense of dealing in cocaine.[2] *Harrison v. State*, 901 N.E.2d 635, 643 (Ind. Ct. App. 2009), *trans. denied*. However, here Jones alleges that his conviction under I.C. §§ 35-48-4-1(a)(2)(C); -(b)(1), possession of three grams or more of cocaine with intent to deliver, violates double jeopardy principles. We have explained that "[t]he possession with intent to deliver offense requires possession of an amount greater than three grams, which is not an element of the offense of dealing cocaine." *Carroll v. State*, 740 N.E.2d 1225, 1232 (Ind. Ct. App. 2000), *trans. denied*. Thus, Jones' convictions do not violate the statutory elements test.

Under the "actual evidence" test, we must examine the evidence presented at trial to determine whether each challenged offense was established by separate and distinct facts. *Goldberry*, 821 N.E.2d at 459. To demonstrate two offenses are the same, the appellant must show a reasonable possibility that the facts used by the jury to establish the essential elements of one offense were also used to establish the essential elements of the second offense. *Id.* The appellant must show more than a remote or speculative possibility that the same facts were used. *Id.* To determine what facts were used, we consider the evidence, charging information, final jury instructions, and arguments of counsel. *Id.*

At trial, the State offered into evidence the two pieces of crack cocaine sold to Officer Jones at 7:30 p.m. and 9:30 p.m. for $20 each. This cocaine was separately

---

[2] Although Jones was also convicted under I.C. § 35-48-4-6 for possession of cocaine, the trial court merged this offense into Count I, dealing in cocaine. That conviction is not challenged here.

collected into heat sealed bags and weighed at .1966 and .2731 grams, respectively. Separately, the State offered exhibits containing cocaine collected from Jones' kitchen area and couch. These exhibits weighed 14.7522 and 10.2739 grams, respectively. The State elicited testimony from officers to identify and describe the collection of each exhibit. Next, the charging Information and final instructions provided different descriptions for the dealing and the possession with intent to deliver charges. The dealing Information and final jury instruction specified delivery to an undercover officer and the possession with intent to deliver Information and final jury instruction specified three or more grams of cocaine. Finally, the State's final argument separated the cocaine sold to Officer Jones from the cocaine found in Jones' house. In particular, the State argued:

> Count [III] where we got more than [three] grams, we got close to an ounce, we got 25 grams, most of it scattered on the floor in somebody's haste scatters it there. […]. And you know where that cocaine on the floor was all going. It eventually was going out that window. So I clearly think we have an intent to deliver over [three] grams.

(Transcript. p. 271). The foregoing leads us to conclude that the evidence offered at trial, the charging Information, the final instructions, and the final argument by the State all suggest the jury would not have relied on the same facts to convict Jones of both dealing in cocaine and possession of three or more grams of cocaine with intent to deliver.

### CONCLUSION

Based on the foregoing, we conclude that: (1) the State produced sufficient evidence to prove beyond a reasonable doubt that Jones committed dealing in cocaine as

9

a Class A felony; and (2) Jones' conviction for dealing in cocaine within 1,000 feet of a public park and possession with intent to deliver three or more grams of cocaine do not violate double jeopardy.

Affirmed.

BAKER, J. and BARNES, J. concur